UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD HUBBARD, III, et al., | CASE NO.: 1:18-CV-02252 |
| Plaintiffs, | JUDGE: DAN AARON POLSTER |
| vs. | |
| CITY OF EUCLID, et al., | **ANSWER OF DEFENDANTS AMIOTT, GILMER AND PAVKOV** |
| These Defendants. | |
| | *(Jury Demand Endorsed Hereon)* |

Now come Defendants, Officer Michael Amiott, Officer Matt Gilmer, and Officer Kirk Pavkov, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their Answer to Plaintiffs' Complaint state the following:

**FIRST DEFENSE**

1. In reply to the first unnumbered paragraph in Plaintiffs' Complaint, these Defendants admit that certain Euclid Police Officers had interactions with Richard Hubbard and Yolimar Tirado on or about August 12, 2017, that certain portions of those interactions were captured on cell phone videos and other recordings and the nature of this action. Further pleading, these Defendants deny all liability and deny or deny for want of information all other allegations contained in said first unnumbered paragraph.

2. In reply to the allegations contained in Paragraph 1 of Plaintiffs' Complaint, these Defendants admit the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph 1.

3. In reply to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, these Defendants admit that venue is proper in this Court but deny or deny for want of information all other allegations contained in said Paragraph 2.

4. These Defendants deny or deny for want of information all allegations contained in Paragraphs 3 and 4 of Plaintiffs' Complaint.

5. In reply to the allegations contained in Paragraphs 5, 6, 7 and 8 of Plaintiffs' Complaint, these Defendants admit the nature of this action and that Officers Amiott, Gilmer and Pavkov were duly appointed police officers employed by Defendant Euclid acting within the course and scope of their employment as well as the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraphs 5, 6, 7 and 8 of Plaintiffs' Complaint.

6. In reply to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, these Defendants admit that Defendant Euclid is a municipal corporation organized under the laws of the State of Ohio and that it employed Officers Amiott, Gilmer and Pavkov. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 9.

7. These Defendants deny or deny for want of information all allegations contained in Paragraphs 10, 11, 12 and 13 of Plaintiffs' Complaint.

8. In reply to the allegations contained in Paragraph 14 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott observed Richard Hubbard fail to obey a traffic signal on Lakeshore Blvd. at East 228th Street and pulled the vehicle over. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 14.

9. In reply to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott "chirped" his siren, that Plaintiffs' vehicle stopped on East 228th

Street, that Officer Gilmer arrived shortly thereafter and that Officers Amiott and Gilmer approached the driver's side and passenger's side of the vehicle respectively. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 15.

10. In reply to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, these Defendants admit that Officers Amiott and Gilmer behaved courteously and that Officer Amiott kept his hand near his service weapon as is his normal practice on a traffic stop. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 16.

11. In reply to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott indicated that the registered vehicle owner showed a suspended driver's license but deny or deny for want of information all other allegations contained in said Paragraph 17.

12. In reply to the allegations contained in Paragraph 18 of Plaintiffs' Complaint, these Defendants admit that Plaintiff Hubbard inquired as to the significance of a stop bar but deny or deny for want of information all other allegations contained in said Paragraph 18.

13. These Defendants admit the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

14. In reply to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott inquired as to whom the car was registered and whether Plaintiff Hubbard had any warrants but deny or deny for want of information all other allegations contained in said Paragraph 20.

15. In reply to the allegations contained in Paragraphs 21 and 22 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott requested the keys to the car, that Plaintiff Hubbard eventually complied and that Plaintiff Hubbard at some point made an inquiry about a stop bar.

3

Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraphs 21 and 22.

16. In reply to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, these Defendants admit that Plaintiff Hubbard pulled a large roll of cash from his pocket and handed it to Plaintiff Tirado, that both Officers Amiott and Gilmer took note of the size of the bank roll and that Plaintiff Hubbard presented a state identification card to Officer Amiott. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 23.

17. In reply to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott told Plaintiff Hubbard to step out of the car but deny or deny for want of information all other allegations contained in said Paragraph 24.

18. In reply to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, these Defendants admit that, as a tactical matter, Officer Amiott did not move away from the vehicle but deny or deny for want of information all other allegations contained in said Paragraph 25.

19. In reply to the allegations contained in Paragraph 26 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott instructed Plaintiff Hubbard at least twice to face away from him but deny or deny for want of information all other allegations contained in said Paragraph 26.

20. In reply to the allegations contained in Paragraph 27 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott ordered Plaintiff Hubbard to face away a second time but deny or deny for want of information all other allegations contained in said Paragraph 27.

21. In reply to the allegations contained in Paragraph 28 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott pushed Plaintiff Hubbard against the car when Plaintiff Hubbard began to resist and that Officer Amiott employed balance displacement techniques. Further

pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 28.

22. In reply to the allegations contained in Paragraph 29 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott employed knee strikes as Plaintiff Hubbard continued to resist but deny or deny for want of information all other allegations contained in said Paragraph 29.

23. In reply to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, these Defendants admit that Officer Gilmer broadcast over his radio that the Officers have "got one resisting", that he attempted to assist Officer Amiott and at some point deployed his Taser, that Plaintiff Hubbard and Officer Amiott went to the ground but deny or deny for want of information all other allegations contained in said Paragraph 30.

24. In reply to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, these Defendants admit that Officer Gilmer attempted to get on top of Plaintiff Hubbard to control him but deny or deny for want of information all other allegations contained in said Paragraph 31.

25. In reply to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott employed punches to Plaintiff Hubbard as Hubbard continued to resist but deny or deny for want of information all other allegations contained in said Paragraph 32.

26. In reply to the allegations contained in Paragraph 33 of Plaintiffs' Complaint, these Defendants admit that Plaintiff Tirado implored Plaintiff Hubbard to stop resisting and that Officer Gilmer ordered her to get back. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 33.

27. These Defendants deny or deny for want of information all allegations contained in Paragraphs 34, 35, 36, 37 and 38 of Plaintiffs' Complaint.

28. In reply to the allegations contained in Paragraph 39 of Plaintiffs' Complaint, these Defendants admit that one or more of the Officers expressed concerns that Plaintiff Hubbard may be reaching for a gun and that Plaintiff Tirado claimed that Plaintiff Hubbard was unarmed. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 39.

29. These Defendants deny or deny for want of information all allegations contained in Paragraphs 40 and 41 of Plaintiff's Complaint.

30. In reply to the allegations contained in Paragraph 42 of Plaintiffs' Complaint, these Defendants admit that Officer Pavkov placed his knee on Plaintiff Hubbard's head in an attempt to control him but deny or deny for want of information all other allegations contained in said Paragraph 42.

31. In reply to the allegations contained in Paragraph 43 of Plaintiffs' Complaint, these Defendants admit that Officer Amiott ordered the arrest of Plaintiff Tirado and that Tirado was placed on the ground and handcuffed. Further pleading, these Defendants deny or deny for want of information all other allegations contained in said Paragraph 43.

32. These Defendants deny or deny for want of information all allegations contained in Paragraphs 44, 45, 46, 47 and 48 of Plaintiffs' Complaint.

33. In reply to the allegations contained in Paragraph 49 of Plaintiffs' Complaint, these Defendants admit that Officer Ferritto stated words to the effect of "I didn't know we would be having this much fun" but deny or deny for want of information all other allegations contained in said Paragraph 49.

34. These Defendants deny or deny for want of information all allegations contained in Paragraphs 50 and 51 of Plaintiffs' Complaint.

35. These Defendants admit the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

36. In reply to the allegations contained in Paragraph 53 of Plaintiffs' Complaint, these Defendants admit that Plaintiff Tirado was charged with disorderly conduct, obstructing official business, allowing another to drive without a license and open container in the cases cited in said Paragraph 53 and that said charges were dismissed but deny or deny for want of information all other allegations contained in said Paragraph 53.

37. In reply to the allegations contained in Paragraph 54 of Plaintiffs' Complaint, these Defendants restate their admissions and denials as if fully rewritten herein.

38. These Defendants deny or deny for want of information all allegations contained in Paragraphs 55 and 56 of Plaintiffs' Complaint.

39. In reply to the allegations contained in Paragraph 57 of Plaintiffs' Complaint, these Defendants admit that they were acting under color of law at all pertinent times herein but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph 57.

40. These Defendants deny or deny for want of information all allegations contained in Paragraph 58 of Plaintiffs' Complaint.

41. In reply to the allegations contained in Paragraph 59 of Plaintiffs' Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

42. These Defendants deny or deny for want of information all allegations contained in Paragraphs 60, 61, 62, 63 and 64 of Plaintiffs' Complaint.

43. In reply to the allegations contained in Paragraph 65 of Plaintiffs' Complaint, these Defendants admit that they were acting under color of state law at all pertinent times herein but deny

all liability and further deny or deny for want of information all other allegations contained in said Paragraph 65.

44. These Defendants deny or deny for want of information all allegations contained in Paragraph 66 of Plaintiffs' Complaint.

45. In reply to the allegations contained in Paragraph 67 of Plaintiffs' Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

46. These Defendants deny or deny for want of information all allegations contained in Paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81 and 82 of Plaintiffs' Complaint.

47. In reply to the allegations contained in Paragraph 83 of Plaintiffs' Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

48. These Defendants deny or deny for want of information all allegations contained in Paragraphs 84 and 85 of Plaintiffs' Complaint.

49. In reply to the allegations contained in Paragraph 86 of Plaintiffs' Complaint, these Defendants admit that they were acting under color of law at all pertinent times herein but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph 86.

50. These Defendants deny or deny for want of information all allegations contained in Paragraph 87 of Plaintiffs' Complaint.

51. In reply to the allegations contained in Paragraph 88 of Plaintiffs' Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

52. These Defendants deny or deny for want of information all allegations contained in Paragraphs 89, 90, 91, 92, 93 and 94 of Plaintiffs' Complaint.

53. In reply to the allegations contained in Paragraph 95 of Plaintiffs' Complaint, these Defendants admit that they were acting under color of law at all pertinent times herein but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph 95.

54. In reply to the allegations contained in Paragraph 96 of Plaintiffs' Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

55. These Defendants deny or deny for want of information all allegations contained in Paragraph 97 of Plaintiffs' Complaint.

56. In reply to the allegations contained in Paragraph 98 of Plaintiffs' Complaint, these Defendants restate their admissions and denials as set forth hereinabove.

57. These Defendants deny or deny for want of information all allegations contained in Paragraphs 99, 100, 101 and 102 of Plaintiffs' Complaint.

58. These Defendants deny or deny for want of information all allegations contained in Plaintiffs' Complaint which are not specifically admitted hereinabove.

## SECOND DEFENSE

59. Plaintiffs' Complaint fails to state a claim upon which relief can be granted in some or all respects.

## THIRD DEFENSE

60. Probable cause/good faith.

## FOURTH DEFENSE

61. Qualified good faith immunity.

**FIFTH DEFENSE**

62. These Defendants are entitled to all immunities, damage limitations, damage set-offs, damage caps and other benefits accorded them by R.C. Chapter 2744 and/or Ohio common law by reason of their status as employees of a political subdivision in the State of Ohio.

**SIXTH DEFENSE**

63. Contributory negligence/implied assumption of risk.

**SEVENTH DEFENSE**

64. Primary assumption of risk.

**EIGHTH DEFENSE**

65. Statute of limitations.

**NINTH DEFENSE**

66. Privilege.

**TENTH DEFENSE**

67. Self-defense.

**ELEVENTH DEFENSE**

68. Any damages or injuries suffered by Plaintiffs were solely and proximately caused by Plaintiffs' own acts or omissions.

WHEREFORE, having fully answered, These Defendants pray that Plaintiffs' Complaint be dismissed, and that they go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/James A. Climer*
JAMES A. CLIMER (0001532)
JOHN D. PINZONE (0075279)
AMILY A. IMBROGNO (0092434)
100 Franklin's Row

        34305 Solon Road
        Cleveland, OH 44139
        (440) 248-7906
        (440) 248-8861 – Fax
        Email: jclimer@mrrlaw.com
            jpinzone@mrrlaw.com
            aimbrogno@mrrlaw.com

        Counsel for Defendants Officer Michael Amiott,
        Officer Matt Gilmer, and Officer Kirk Pavkov

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

        *s/James A. Climer*
        JAMES A. CLIMER (0001532)

        Counsel for Defendants Officer Michael Amiott,
        Officer Matt Gilmer, and Officer Kirk Pavkov

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2018, a copy of the foregoing Answer of was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        *s/James A. Climer*
        JAMES A. CLIMER (0001532)

        Counsel for Defendants Officer Michael Amiott,
        Officer Matt Gilmer, and Officer Kirk Pavkov

EUCLID-180272/Answer of These Defendants