UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD HUBBARD, III, et al., | ) | CASE NO.: 1:18-CV-02252 |
| | ) | |
| Plaintiffs, | ) | JUDGE: DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF EUCLID, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ANSWER OF DEFENDANT CITY OF EUCLID

Now comes Defendant, City of Euclid, by and through counsel, and for their Answer to Plaintiffs' Complaint states the following:

1.  Defendant admits the nature of the Plaintiff's Complaint alleging a violation of their civil rights but denies liability or denies for want of information all other allegations contained in the first introductory paragraph.

2.  Defendant admits the nature of the Plaintiffs' Complaint but denies liability or denies for want of information all other allegations contained in paragraph 1 of Plaintiffs' Complaint.

3.  Defendant admits that venue is proper as alleged in paragraph 2 of Plaintiffs' Complaint, and since the filing of the original Complaint in the Cuyahoga County Court of Common Pleas, the matter has since been removed to United States District Court for the Northern District of Ohio.

4.  Defendant denies for want of information the allegations contained in paragraphs 3 and 4 of Plaintiffs' Complaint concerning Plaintiffs' citizenship and residency.

5. Defendant admits that Defendant Michael Amiott was a duly appointed police officer employed by the City of Euclid acting within the course and scope of his employment, but denies liability and denies for want of information all other allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendant admits that Defendant Matt Gilmer was a duly appointed police officer employed by the City of Euclid acting within the course and scope of his employment, but denies liability and denies for want of information all other allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendant admits that Defendant Kirk Pavkov was a duly appointed police officer employed by the City of Euclid acting within the course and scope of his employment, but denies liability and denies for want of information all other allegations contained in paragraph 6 of Plaintiffs' Complaint.

8. Defendant admits the nature of the Plaintiffs' Complaint but denies liability or denies for want of information all other allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiffs' Complaint but denies liability.

10. Defendant denies for want of information all allegations contained in paragraphs 10 and 11 of Plaintiffs' Complaint.

11. Defendant admits that Plaintiff Hubbard was driving Plaintiff Caraballo's vehicle on the date of which Plaintiffs' complaint, but denies liability and denies for want of information the allegations and characterizations contained in paragraphs 12 and 13 of Plaintiffs' Complaint.

12. Defendant denies liability and denies for want of information all allegations contained in paragraphs 14 through 49 of Plaintiffs' Complaint as it pertains to what the co-Defendants Amiott, Gilmer and Pavkov, or other unnamed Euclid Police Officers, saw, did or how they conducted themselves on the date or through the incident of which Plaintiffs complain.

13. Defendant admits that a cell phone video was uploaded to social media after the incident of which Plaintiffs complain, but denies the remaining allegations or denies for want of information all allegations contained in paragraph 50 of Plaintiffs' Complaint.

14. Defendant denies for want of information all allegations contained in paragraph 51 of Plaintiffs' Complaint.

15. Defendant admits the allegations contained in paragraph 52 of Plaintiff's Complaint but denies any liability.

16. Defendant admits the allegations contained in paragraph 53 of Plaintiff's Complaint but denies any liability.

17. Defendant admits the nature of the Plaintiffs' Complaint but denies liability or denies for want of information all other allegations contained in paragraph 55 of Plaintiffs' Complaint.

18. Defendant denies liability and denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

19. Defendant admits that officers were acting under color of law or in the course and scope of their employment but denies liability and denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

20. Defendant denies for want of information all allegations contained in paragraph 58 of Plaintiffs' Complaint and denies liability.

21. Defendant denies the allegations contained in paragraphs 60 of Plaintiffs' Complaint.

22. Defendant admits the allegations contained in paragraph 61 of Plaintiff's Complaint but denies any liability.

23. Defendant denies the allegations contained in paragraphs 62 through 64 of Plaintiffs' Complaint.

24. Defendant admits that officers were acting under color of law or in the course and scope of their employment but denies liability and denies the allegations contained in paragraph 65 of Plaintiffs' Complaint.

25. Defendant denies for want of information all allegations contained in paragraph 66 of Plaintiffs' Complaint and denies liability.

26. Defendant denies the allegations contained in paragraphs 68 through 71 of Plaintiffs' Complaint and denies all liability.

27. Defendant admits that there have been lawsuits filed against the City of Euclid or its employees but denies the nature of the allegations contained in paragraph 72 of Plaintiffs' Complaint and denies all liability.

28. Defendant admits to the content of the opinion which was quoted in paragraph 73 of Plaintiffs' Complaint, but alleges that these comments were made out of context and denies the nature and characterizations of the allegations contained in paragraph 73 of Plaintiffs' Complaint and denies all liability.

29. Defendant denies the allegations and characterizations contained in paragraphs 74 through 82 of Plaintiffs' Complaint and denies all liability.

30.     Defendant denies the allegations and characterizations contained in paragraphs 84 and 85 of Plaintiffs' Complaint and denies all liability.

31.     Defendant admits that officers were acting under color of law or in the course and scope of their employment but denies liability and denies the allegations contained in paragraph 86 of Plaintiffs' Complaint.

32.     Defendant denies for want of information all allegations contained in paragraph 87 of Plaintiffs' Complaint and denies liability.

33.     Defendant denies the allegations and characterizations contained in paragraphs 89 and 90 of Plaintiffs' Complaint and denies all liability.

34.     Defendant admits that the prosecutions were terminated in favor of the Plaintiffs as alleged in paragraph 91 of Plaintiffs' Complaint but denies any liability.

35.     Defendant denies the allegations and characterizations contained in paragraphs 92 and 93 of Plaintiffs' Complaint and denies all liability.

36.     Defendant denies for want of information all allegations contained in paragraph 94 of Plaintiffs' Complaint and denies liability.

37.     Defendant admits that officers were acting under color of law or in the course and scope of their employment but denies liability and denies the allegations contained in paragraph 95 of Plaintiffs' Complaint.

38.     Defendant denies for want of information all allegations contained in paragraph 97 of Plaintiffs' Complaint and denies liability.

39.     Defendant denies the allegations and characterizations contained in paragraphs 99 and 100 of Plaintiffs' Complaint and denies all liability.

40. Defendant denies for want of information all allegations contained in paragraphs 101 and 102 of Plaintiffs' Complaint and denies liability.

41. Defendant denies that they are entitled to any of the relief they seek in their Prayer for Relief.

42. Defendant denies or denies for want of information all allegations contained in Plaintiffs' Complaint which are not specifically admitted hereinabove.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

43. Plaintiffs' Complaint fails to state a claim upon which relief can be granted in some or all respects.

### SECOND DEFENSE

44. Defendant hereby claims the rights and benefits of state law immunity, common law immunity and qualified immunity.

### THIRD DEFENSE

45. Defendant acted reasonably, in good faith, and with probable cause.

### FOURTH DEFENSE

46. Plaintiffs have suffered no constitutionally significant injury and are not entitled to or may not be awarded compensatory or punitive damages.

### FIFTH DEFENSE

47. No official policy, custom or practice of the City of Euclid caused a deprivation of any constitutional right of Plaintiff.

### SIXTH DEFENSE

48. Plaintiff's alleged injuries or damages are the result of Plaintiff's own conduct, Plaintiffs' own acts or omissions, contributory negligence, comparative negligence or assumption of the risk.

## SEVENTH DEFENSE

49. Defendant did not violate any rights of Plaintiff guaranteed by the Constitution of the United States, State of Ohio, Ohio Revised Code or common law.

## EIGHTH DEFENSE

50. Defendant, by reason of it being a municipal corporation and political subdivision of the State of Ohio is entitled to all immunities, damage limitations, set-offs, caps and other benefits afforded to them by Ohio Revised Code Chapter 2744 and common law.

## NINTH DEFENSE

51. Plaintiffs failed to file suit within with the applicable statute of limitations.

## TENTH DEFENSE

52. Defendant did not violate any rights of Plaintiff guaranteed by the Constitution of the United States, State of Ohio, Ohio Revised Code or common law.

## ELEVENTH DEFENSE

53. Defendant City of Euclid reserves the right to assert any additional affirmative defenses which is or may become available through the course of discovery in this matter.

## TWELFTH DEFENSE

WHEREFORE, having fully answered, this Defendant prays that Plaintiffs' Complaint be dismissed, and that they go hence without cost or delay.

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

Respectfully submitted,

*S/Kelley A. Sweeney*
KELLEY A. SWEENEY (0068857)
LAURA KRAMER RUBADUE (0067656)
585 E. 222nd Street
Euclid, OH 44123-2099
(216) 289-2746
(216) 289-2766 fax
ksweeney@cityofeuclid.com
lrubadue@cityofeuclid.com
Counsel for Defendant City of Euclid

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, a copy of the foregoing Answer Defendant City of Euclid was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

*S/Kelley A. Sweeney*
KELLEY A. SWEENEY (0068857)
LAURA KRAMER RUBADUE (0067656)
Counsel for Defendant City of Euclid